Mr. Barry Emigh 1104 7th Street Hot Springs, AR 71913-4225
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. You have previously submitted seven similar measures, five of which I rejected due to ambiguities in the text of your proposed amendments. See Op. Att'y Gen. Nos. 2001-341, 2001-173, 2001-110, 2001-095 and 2001-074. My office has revised and certified popular names and ballot titles for two similar measures, as evidenced by Op. Att'y Gen. Nos. 2001-129 and 2001-196. You have since made additional changes to your measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 Popular Name AN AMENDMENT TO AUTHORIZE BINGO AND RAFFLES BY NON PROFIT ORGANIZATIONS, THE OPERATION OF GAMBLING AND A STATE LOTTERY
 Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION AUTHORIZING THE OPERATION OF BINGO AND RAFFLES BY NON PROFIT ORGANIZATIONS INCORPORATED OR REGISTERED TO DO BUSINESS IN THE STATE WITH NO PERSON UNDER AGE 18 PERMITTED TO PLAY BINGO OR RAFFLES; PROVIDING EACH SIGNATURE THE SECRETARY OF STATE COUNTS AS VALID WITH EXCEPTION OF A CANVASSER'S SIGNATURE ON A PETITION AS PETITIONER WITH THEIR SIGNATURE ON THAT PETITION AS CANVASSER SHALL BE COUNTED AS 2 SHARES OF STOCK WITH EACH SHARE OF STOCK BEING 1 VOTE WITH BARRY LEE EMIGH RECEIVING 1 OF 2 SHARES OF STOCK AS A STOCK HOLDER FOR EACH SIGNATURE A CANVASSER OBTAINS WITH THE CANVASSER RETAINING THE OTHER SHARE OF STOCK AS STOCK HOLDER WITH ALL SHARES OF STOCK BEING TRANSFERABLE WITHOUT THE APPROVAL OF THE GENERAL ASSEMBLY; PROVIDING THE STOCK HOLDERS TO ORGANIZE AND OPERATE AS A CORPORATION WITHIN THE LAWS, RULES AND REGULATIONS OF THE STATE TO BE ENTITLED THE" CASINO CORPORATION OF ARKANSAS" WITHOUT COST OR FEE BY THE STATE, OR ANY SUBDIVISION OR AGENCY THEREOF, TO INCORPORATE IN THE STATE; AUTHORIZING THE "CASINO CORPORATION OF ARKANSAS" UPON INCORPORATION IN THE STATE TO OPERATE, HIRE AND SUBCONTRACT ANY INDEPENDENT CONTRACTOR(S) TO OPERATE GAMBLING WITHOUT LICENSE, FEE OR PERMIT BY THE STATE, OR ANY SUBDIVISION OR AGENCY THEREOF, ON ANY DAY FOR THE WHOLE OF A TWENTY-FOUR HOUR DAY WITH GAMBLING OPERATED IN NOT MORE THAN 12 STRUCTURES AT ANY ONE TIME WITHIN THE STATE OF WHICH STRUCTURES MAY BE LOCATED WITHIN ANY COUNTY, CITY AND TOWN OF THE STATE WITH NO PERSON UNDER AGE 21 PERMITTED TO GAMBLE; AUTHORIZING THE "CASINO CORPORATION OF ARKANSAS" AND THOSE PERSONS HIRED AND SUBCONTRACTED AS INDEPENDENT CONTRACTOR(S) TO OPERATE GAMBLING TO SELL AND SERVE COMPLIMENTARY ALCOHOLIC BEVERAGES WITHOUT LICENSE, FEE OR PERMIT BY THE STATE, OR ANY SUBDIVISION OR AGENCY THEREOF, WITHIN THOSE STRUCTURES USED FOR GAMBLING ONLY DURING THE OPERATION OF GAMBLING (INCLUDING THOSE COUNTIES, CITIES AND TOWNS IN WHICH THE SALE OF ALCOHOLIC BEVERAGES IS OTHERWISE PROHIBITED) WITH NO PERSON UNDER AGE 21 PERMITTED TO CONSUME ALCOHOLIC BEVERAGES; REQUIRING THE" CASINO CORPORATION OF ARKANSAS" AND THOSE PERSONS HIRED AND SUBCONTRACTED AS INDEPENDENT CONTRACTORS TO OPERATE GAMBLING AS APPLICABLE TO OBTAIN AND PAY FOR ALL OTHER LICENSES AND PERMITS NOT EXEMPTED WITHIN THE PROVISIONS OF THIS AMENDMENT AND TO PAY ALL TAXES AS REQUIRED BY LAW; AUTHORIZING THE LEGAL SHIPMENT OF GAMING DEVICES; DEFINING GAMBLING AS THE RISKING OF MONEY ON A CHANCE BETWEEN PERSONS WHERE ONE IS LOSER AND OTHER GAINER WITH COMMONLY CALLED GAMBLING AND GAMING DEVICES TO INCLUDE ANY KIND OF ROULETTE WHEELS, ANY KIND OF SLOT MACHINES, GAMING TABLES OF ANY KIND FOR THE USE OF CARDS AND DICE USED IN ANY MANNER AND ANY KIND OF PARI-MUTUEL WAGERING; DEFINING STRUCTURE AS THE INTERIOR AREA OF ANY KIND AND SIZE OF BUILDING TO INCLUDE THE INTERIOR AREA OF ANY KIND AND SIZE OF ANCHORED WATER VESSEL; EMPOWERING THE GENERAL ASSEMBLY TO ESTABLISH AND REGULATE A COMMISSION TO REGULATE BINGO AND RAFFLES, GAMBLING AND TO OPERATE A STATE LOTTERY; MAKING THE PROVISIONS OF THE AMENDMENT SELF EXECUTING AND EFFECTIVE IMMEDIATELY UPON PASSAGE EXCEPT AS OTHERWISE PROVIDED IN THE AMENDMENT; MAKING THE AMENDMENT SEVERABLE; AND REPEALING ALL LAWS AND CONSTITUTIONAL AMENDMENTS IN CONFLICT WITH THIS AMENDMENT.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five-minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Pluggev. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic ActionCommittee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title due to ambiguities in the text
of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 1. Section Four of your proposed amendment authorizes the General Assembly to establish a commission "to regulate bingo and raffles, gambling, and to operate a state lottery. . . ." (Emphasis added). Section Five defines gambling. Because neither of these provisions appears, on its face, to limit gambling to the Casino Corporation of Arkansas, I am uncertain whether you intend in fact to limit gambling operations to this corporation that is to be organized upon passage of the amendment. If, indeed, it is contemplated that gambling will only be operated by the Casino Corporation of Arkansas, then this should be made clear. The identity of the gambling operator will in my opinion be a matter of great concern to the voter.
 2. An ambiguity also arises, in my view, under Section Four's definition of "structure" as "the interior area within a single building of any kind and size to include the interior areas of any attached additions to that building. . . ." (Emphasis added). While I suspect that you intend for any such "attached addition" to be considered part of the building and not a separate "structure" under the amendment, I am not certain that you have accomplished this with the current language. This should be clarified for proper reflection in the ballot title.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest, Case No. 00-485 (July 7, 2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh